**YANFEI JIANG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 08–3936–ag.

United States Court of Appeals, Second Circuit.

April 16, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Alexander K. Yu, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division, Thomas B. Fatouros, Senior Litigation Counsel, Kathryn M. McKinney, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Yanfei Jiang, a native and citizen of the People's Republic of China, seeks review of a July 15, 2008 order of the BIA affirming the June 7, 2007 decision of Immigration Judge ("IJ") Michael W. Straus denying Jiang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yanfei Jiang*, No. A 98 793 184 (B.I.A. July 15, 2008), *aff'g* No. A 98 793 184 (Immig. Ct. Hartford, Conn. June 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

As an initial matter, because Jiang does not challenge the IJ's finding that he failed to establish past persecution, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Additionally, because Jiang failed to raise any claim based on China's family planning policy either before the BIA or this Court, we deem that claim abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007).

The IJ denied Jiang's application for asylum because he found that Jiang had not established that political opinion or any other protected ground was "at least one central reason" for the persecution he feared. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1101(a)(42). Jiang argues that the IJ failed to consider his claim that he filed a complaint and complained publicly that officials were abusing their power by extort-

ing money from him and other vendors in a market. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 547–48 (2d Cir.2005). However, substantial evidence supports the IJ's finding that Jiang failed to demonstrate that the police sought him because of those complaints. *See Manzur,* 494 F.3d at 289–94. Rather, Jiang's own testimony supports the IJ's finding that he feared being arrested and beaten because he had injured an official during an altercation. At no point did Jiang assert that the police also sought him because of his prior complaints about official corruption.

We need not address the agency's finding that Jiang's anti-corruption actions challenged isolated acts of greed or malfeasance rather than a government institution. *See Yueqing Zhang,* 426 F.3d at 547–48. The agency's proper finding that police sought him based on his role in injuring an official, and not on the basis of his corruption complaints, was dispositive of his asylum claim. See 8 U.S.C. § 1158(b)(1)(B)(i); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006).

█ Because substantial evidence supports the IJ's finding that Jiang failed to demonstrate that his political opinion was "at least one central reason" for the alleged persecution he fears, the agency properly denied his application for asylum. Because Jiang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

█ In challenging the agency's denial of CAT relief, Jiang argues that the agen-

cy denied that relief based on the same flawed reasoning it used in making its nexus finding. However, that was not the basis for the IJ's denial of CAT relief. The IJ found, instead, that country conditions evidence indicating that some detained individuals have been tortured did not demonstrate that he, individually, would more likely than not be tortured. Jiang's argument is therefore without merit.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.